# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**LONNIE D. BOGARD (# 114137)**                                                   **PLAINTIFF**

**v.**                                                        **No. 4:06CV043-WAP-SAA**

**CHRISTOPHER EPPS, ET AL.**                                                 **DEFENDANTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Lonnie D. Bogard, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the instant complaint shall be dismissed for failure to state a claim upon which relief could be granted.

### Factual Allegations

The plaintiff alleges that he was inadvertently admitting into the Mississippi Department of Corrections system under the wrong inmate identification number, as there was another Lonnie Bogard already in the system. After some time, prison officials assigned the plaintiff the correct number. As a result of this mistaken identity, the plaintiff was assigned a job in field operations, where his work aggravated a previous injury to his shoulder. When his shoulder pain became severe, the plaintiff refused to report to his proper work station at field operations. As a result, he was issued a Rule Violation Report. In turn, he was not permitted to get married, as inmates wishing to marry must remain rule violation free for the year preceding the appointed wedding date. The plaintiff also alleges that the confusion over his inmate identification number has caused the loss of money from his inmate account and his placement in the incorrect custody

classification.

## Discussion

The plaintiff's claims state, at most, a claim of negligence, and negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986). In addition, the plaintiff's claim regarding improper classification must fail as a matter of law. Inmates have no constitutionally recognized interest in a specific housing assignment or classification. *McCord v. Maggio*, 910 F.2d 1248, 1250 (5th Cir. 1990) (citations omitted). Prisoner classification is a matter squarely within the "broad discretion" of prison officials, "free from judicial intervention" except in extreme circumstances. *McCord*, 910 F.2d at 1250 (citations omitted). For these reasons, the all of the plaintiff's claims shall be dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 28th day of April, 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE